UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 12-3718-JFW (ANx)**                                    Date: September 5, 2012

Title:      Anthony Felix -v- North American Asset Services, LLC, et al.

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                              None Present
   Courtroom Deputy                            Court Reporter


**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                           None

**PROCEEDINGS (IN CHAMBERS):**    ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY CLASS CERTIFICATION
                                  [filed 8/6/2012; Docket No. 24]

   On August 6, 2012, Plaintiff Anthony Felix ("Plaintiff") filed a Motion for Preliminary Class Certification.  On August 20, 2012, Defendant North American Asset Services, LLC filed its Opposition.  On August 27, 2012, Plaintiff filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for September 10, 2012 is hereby vacated and the matter taken off calendar.  After considering the moving, opposing, and reply papers and the arguments therein, the Court rules as follows:

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

   Plaintiff alleges that Defendants North American Asset Services, LLC and Vegalo, LLC d/b/a Frontier Financial Group ("Defendants" or "Frontier Financial"), acting as debt collectors, left Plaintiff several pre-recorded voice messages on his residential telephone answering machine in an attempt to collect an alleged debt.  Specifically, Plaintiff alleges that Defendants left him the following pre-recorded message on multiple occasions:

   Hi, this is Russell from Frontier Financial Group.  Hey, I am sorry to call you again.  We are just trying to verify some information on a file under review in my office.  You know, it may not even be your file, um, but if you give me a call, um, we can kind of determine that and put this matter to rest.  My number is 1-877-683-5486.  And then when you call back just ask for Russell.  And again, hopefully we can put this to rest, thank you.

   As a result, Plaintiff filed this action and alleges that Defendants violated the Fair Debt

Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788, *et seq.* ("RFDCPA") by leaving pre-recorded telephonic voice messages for Plaintiff and others which failed to: (1) provide meaningful disclosure of Defendants' identity; (2) disclose that the call is from a debt collector; and (3) disclose the purpose or nature of the communication.

In addition, Plaintiff alleges that Defendants violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, et seq. ("TCPA") by contacting him on both his residential and cellular telephone via an "automatic dialing system" and using an "artificial or pre-recorded voice," without his prior consent and not for emergency purposes. Plaintiff also alleges that "Frontier Financial Group" is an unregistered fictitious business name and that Defendants violated the TCPA by failing to state at the beginning of the message, the identity of the business, individual, or other entity initiating the call.

Plaintiff seeks to represent and certify the following two classes under Federal Rule of Civil Procedure 23(b)(3):

| | |
|---|---|
| **FDCPA/RFDCPA Class:** | (a) All persons in the State of California, (b) for whom Frontier Financial left an automated voicemail or answering machine message, in the form of the Messages, (c) that did not identify Defendant by its true company name or state that the call was for collection purposes, (d) made in connection with Defendants' attempt to collect a debt, (e) which Messages violated the FDCPA and RFDCPA, (f) during a period beginning April 30, 2011, and ending on May 29, 2012. |
| **TCPA Class**: | (a) All persons with addresses in the United States of America, (b) who received a call from Frontier Financial on their residential or cellular telephone(s), (c) for non-emergency purposes and without the prior express consent of the called party, (d) wherein Defendant used an automatic telephone dialing systems and/or artificial or pre-recorded voices, (e) during a period beginning April 30, 2008, and ending on May 29, 2012. |

Plaintiff also requests that his counsel, the Law Offices of Christopher C. Saldaña and the Law Office of William F. Horn, be appointed as class counsel.

## II.   LEGAL STANDARD

Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Federal Rule of Civil Procedure 23.  *Zinser v. Accufix Research Institute, Inc.*. 253 F. 3d 1180, 1186 (9th Cir. 2001), *as amended*, 273 F.3d 1266 (9th Cir. 2001).  The party seeking class certification bears the burden of demonstrating that the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) have been satisfied.  *Id.*

Under Rule 23(a), a class action is only proper if:

>    (1)   the class is so numerous that joinder of all members is impracticable;
>
>    (2)   there are questions of law or fact common to the class;
>
>    (3)   the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
>    (4)   the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. Proc. 23(a).

If the Rule 23(a) prerequisites are met, the Court must decide if certification is appropriate under Rule 23(b). In this case, Plaintiff seeks certification of the Class under Rule 23(b)(3), which authorizes certification if:

> [T]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members'
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
>
> (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

At this stage of the proceedings, the Court must accept the factual allegations in the complaint as true. *Blackie v. Barrack,* 524 F.2d 891, 901 n. 17 (9th Cir.1975). However, the Court is "at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir.1992) (internal quotation marks omitted).

## III. DISCUSSION

The Court concludes that, with respect to Plaintiff's federal claims, Plaintiff has failed to meet his burden of demonstrating that the questions of law or fact common to class members predominate over any questions affecting only individual members. "[T]o meet the predominance requirement of Rule 23(b)(3), a plaintiff must establish that 'the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole . . . predominate over those issues that are subject only to individualized proof.'" *In re Visa Check/Master Money*

*Antitrust Litig.*, 280 F.3d 124, 136 (2nd Cir. 2001); *see also Jiminez v. Domino's Pizza, Inc.,* 238 F.R.D. 241, 251 (C.D. Cal. 2006) ("The predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.") (internal quotation omitted).  A Rule 23(b)(3) action is inappropriate where "the main issues in a case require the separate adjudication of each class member's individual claim or defense."  *Zinser*, 253 F.3d at 1189.

In this case, in order to determine whether a class member is entitled to relief under the FDCPA (or determine whether an individual is a member of the class), the Court will be required to separately adjudicate for each class member whether that class member is a "consumer" or a "person other than the consumer," whether the call was Defendants' initial oral communication with that class member, and whether Defendants were communicating with the class member for the purpose of acquiring location information.  *See* 15 U.S.C. §§ 1692b; 1692d(6); 1692e(11).  In addition, in order to determine whether a class member is entitled to relief under the TCPA (or determine whether an individual is a member of the class), the Court will, for example, be required to determine whether each individual gave "prior express consent" to the creditor or debt collector.  *See, e.g., Hicks v. Client Servs., Inc.*, 2008 WL 5479111, at *8 (S.D. Fla. Dec. 11, 2008) (declining to certify TCPA class because "ultimately consent is an issue that would have to be determined on an individual basis at trial" and the trial would degenerate into mini-trials on consent of every class member).   Accordingly, because questions of law or fact common to class members do not predominate over any questions affecting only individual members with respect to Plaintiff's FDCPA and TCPA claims, the Court concludes that class certification under 23(b)(3) is inappropriate**.**

Pursuant to 28 U.S.C. § 1367(c)(2), the Court may decline to exercise supplemental jurisdiction over a claim if it "substantially predominates over the claim or claims over which the district court has original jurisdiction."  In this case, because the Court has declined to certify either of Plaintiff's federal classes, the claims of the proposed RFDCPA class would substantially predominate over the claims over which the district court has original jurisdiction - i.e. Plaintiff's individual claims for relief under the FDCPA and TCPA.  Accordingly, the Court declines to exercise supplemental jurisdiction over the proposed RFDCPA class.  *See Martin v. Dhalberg, Inc.*, 156 F.R.D. 207, 218 (N.D. Cal. 1994) (after denying class certification of federal claim, declining to certify a class based solely on state law claims and declining to exercise supplemental jurisdiction over state-law class action).

IV. **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Class Certification is **DENIED.**

IT IS SO ORDERED.